Nicholas M. Pette, J.
This is a proceeding to review, and upon such review, to annul the determination of respondent City Rent and Rehabilitation Administrator. By such determination respondent granted, in part, petitioner’s protest against various orders of the Local Rent Administrator reducing the maximum rents for the housing accommodations located in the building owned by petitioner.
The orders of the Local Rent Administrator were made pursuant to section 34.3 of the City Rent and Rehabilitation Regulations. That section, promulgated in accordance with section Y41-5.0 (subd. h, par. [3]) of the Administrative Code of the City of New York, provides as follows: “ Section 34.3. Rent decrease based on hazardous conditions. The Administrator may order a decrease of the maximum rent otherwise allowable where a City agency having jurisdiction certifies that the housing accommodation is a fire hazard or is in a continued dangerous condition or detrimental to life or health, or is occupied in violation of law. In such case, the maximum rent for the housing accommodations may be decreased in such amount as the Administrator deems to be necessary or proper.”
The Local Rent Administrator’s orders were based upon a certification by the New York City Department of Buildings that petitioner’s building was in fact a “ fire hazard ”, in “ a continued dangerous condition ’ ’ and ‘ ‘ detrimental to life or health Numerous violations of law were noted by the department and upon the basis of some of these violations the maximum rents of tenants were reduced.
Upon protest petitioner maintained, inter alia, that the conditions forming the bases of the reduction of rents were corrected prior to the date of the orders of the Local Rent Administrator.
Pending the protest proceedings, the Department of Buildings certified that certain violations had been removed.
Respondent, after conducting a conference, restored the former maximum rents as of the date of its order on the basis of such new certification and upon the finding that the other conditions forming the bases of the Local Rent Administrator’s orders had in fact been corrected.
Petitioner now contends that no effort was made by the Local Rent Administrator to ascertain, by independent investigation, whether the conditions noted by the Department of Buildings were in fact hazardous. This contention is inappropriate even apart from the fact that the enabling statute permits action by *1100 the Local Rent Administrator without such investigation. (See Matter of Schweit [Gabel], N. Y. L. J., Nov. 13, 1962, p. 17, col. 3.)
Petitioner next contends that the conditions giving rise to these violations were in fact remedied prior to the date of the orders of the Local Rent Administrator although petitioner was unable to secure timely reinspection by the Department of Buildings. This contention is also inappropriate as it appears that petitioner was given an opportunity to present evidence on this point. (See respondent’s “notice oe conference”.) Although petitioner states that no formal hearing was held and urges that by virtue of such fact its property was taken without due process of law, it does not suggest that respondent refused to receive any of its evidence or that it even attempted to offer any proof in support of its claims. (See Matter of Cohen v. Gabel, N. Y. L. J., June 18, 1963, p. 17, col. 2.)
Petitioner’s argument that the rent reduction orders were granted to tenants ‘ ‘ completely unaffected ’ ’ by the violations cannot be considered since it was not raised on protest. (Administrative Code of City of New York, § Y41-9.0, subd. a, par. [2].)
With respect to petitioner’s other contentions, the court cannot say that respondent’s determination was an arbitrary or capricious exercise of the authority specifically granted to it by the Legislature.
The application is accordingly denied and the petition dismissed.